# United States Navy–Marine Corps Court of Criminal Appeals

———————————

**UNITED STATES**
Appellee

**v.**

**Daniel K. MIZUTA**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201800269**

Appeal from the United States Navy-Marine Corps Trial Judiciary

Decided: 5 March 2019.

Military Judge:
Commander William Weiland, JAGC, USN.

Sentence adjudged 22 May 2018 by a general court-martial convened at Marine Corps Base Quantico, Virginia, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to E-1, forfeiture of all pay and allowances, confinement for 18 months, and a bad-conduct discharge.

For Appellant:
*Major James S. Kresge, USMCR.*

For Appellee:
*Brian K. Keller, Esq.*

———————————

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

———————————

Before WOODARD, FULTON, and ELLINGTON,
*Appellate Military Judges.*

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866.[1]

The findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] We note that the record of trial was authenticated by the court reporter. RULE FOR COURT-MARTIAL 1104(A)(2)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), permits a court reporter in a judge-alone trial to authenticate a record of trial, *but only if* "the military judge cannot authenticate the record of trial because of the military judge's death, disability, or absence" and "the trial counsel [present at the end of the trial] cannot authenticate the record of trial because of the trial counsel's death, disability, or absence . . . ." The authentication page fails to indicate that the military judge *and* trial counsel were not available to authenticate the record of trial. However, in a hand-written note on a checklist attached to another part of the record, there is a reference that the military judge and trial counsel were unavailable to authenticate the record. Recognizing that in the future—for cases referred to trial on or after 1 January 2019—new procedures will apply, in the meantime a court reporter remains unauthorized to authenticate the record unless certain conditions exist. Those preconditions should be clearly set out as part of any substitute authentication done by a court reporter or a trial counsel.